UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
FAREPORTAL, INC. D/B/A CHEAPOAIR,

                                                                                                                       08 CIV 5964 (DOC)(REL)

                       Plaintiff,                           **FIRST AMENDED COMPLAINT**

        -against-

OPINION CORP. D/B/A PISSEDCONSUMER,

                      Defendant.
-------------------------------------------------------------------x

### FIRST AMENDED COMPLAINT

Plaintiff FAREPORTAL, INC. D/B/A CHEAPOAIR, as and for its first amended complaint against defendant, OPINION CORP. D/B/A PISSEDCONSUMER alleges, upon knowledge as to its own acts and upon information and belief as to all other matters, as follows:

### Preliminary Statement

This is an action for trademark infringement under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. § 1051 *et seq*.). This is a civil action for monetary damages and to permanently enjoin defendant OPINIONCORP. D/B/A PISSEDCONSUMER.COM (referred to as "Pissedconsumer" or "pissedconsumer") from using the name Cheapoair in the domain names of any of its websites or metatags.

## THE PARTIES

1. Plaintiff FAREPORTAL, INC. D/B/A CHEAPOAIR is a corporation organized under the existing laws of the State of New York and has an office and principal place of business in New York County.

2. Upon information and belief, Defendant, OPINION CORP. D/B/A PISSEDCONSUMER, is a corporation organized under the laws of the State of New York and has an office and place of business at Brooklyn, New York.

3. Fareportal Inc. registered for trademark the name "cheapOair.com the only way to go!!" on or about March 6, 2008.

4. Fareportal Inc. filed a Certificate of Assumed Name with the New York Department of State on or about January 12, 2006.  The assumed name is Cheapoair.com.

5. Cheapoair does business on the Internet.  The cheapoair.com domain was registered in June 2005.

6. Continuously since on or about January 12, 2006, Plaintiff has used its Cheapoair mark in connection with and to identify its website and provide services regarding travel arrangements.  The Cheapoair mark distinguishes it from similar products offered by others throughout the United States. Plaintiff's services are provided under the Cheapoair mark throughout the United States.

7. Defendant maintains two websites, cheapoair.com.pissedconsumer.com and cheapoair.pissedconsumer.com.  Both

these websites, in their URL addresses, contain the Cheapoair name and mark. Additionally, defendant uses Cheapoair in its metatags to mislead Internet searchers to come to its site instead of the Cheapoair.com site. The defendant offers travel services as does plaintiff on its cheapoair.com.pissedconsumer.com and cheapoair.pissedconsumer.com websites.

## NATURE OF ACTION

8. This is an action for trademark infringement under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. § 1051 *et seq.*) in violation of 15 U.S.C. §1114(1)(a), 1125(a)(1)(A) and (B), 15 U.S.C. §1125(c) and 15 U.S.C. § 1125(d)(1) known as the Anticybersquatting Consumer Protection Act, and unfair trade practices under the NY GBL §§133 and 360-l, unfair competition under the common law of the State of New York.

9. The basis of plaintiff's claims is Defendant's adoption and use of Cheapoair in its metatags and URL addresses in violation of Plaintiff's established rights in Cheapoair both at common law and as a registered trademark.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act), 28 U.S.C. 1331 and 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. 1338(b) (pendent unfair competition claims). The Court has supplemental jurisdiction over the state law and common law claims under 28 U.S.C. § 1367(a).

11. Venue is proper in this District pursuant to 28 U.S.C. 1391.

## AS AND FOR AND A FIRST CAUSE OF ACTION: INFRINGEMENT OF COMMON LAW and FEDERAL TRADEMARK REGISTRATION

12. Defendant has infringed Plaintiff's mark in interstate commerce by various acts, including, without limitation, the use of plaintiff's mark, "Cheapoair", in its metatags and URL addresses.

13. Defendant's use of Cheapoair in connection with its metatags and URL addresses is without permission or authority of the Plaintiff and said use is likely to cause confusion, to cause mistake and/or deceive.

14. Defendant's use of Cheapoair in connection with offerings of travel arrangements services has been made notwithstanding Plaintiff's well-known and prior established rights in the trademark Cheapoair.

15. Defendant's activities constitute infringement of Plaintiff's federally registered mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Defendant's use of the Cheapoair mark is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association with Plaintiff's mark.

16. Defendant's activities constitute infringement of Plaintiff's common-law mark in violation of 15 U.S.C. § 1125(a) and New York State law. Defendant's use of the Cheapoair mark is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association with Plaintiff's mark.

17. Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its Cheapoair trademark. Plaintiff has no adequate remedy at law.

18. Defendants' acts of infringement and unfair competition are causing and are likely to cause substantial injury to the public and to Plaintiff.

### AS AND FOR AND A SECOND CAUSE OF ACTION:
### UNFAIR COMPETITION FALSE DESIGNATION OF ORIGIN AND FALSE REPRESENTATION AND FALSE ADVERTISING (FEDERAL)

19. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 18, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

20. Defendant's unlawful and improper actions as set forth above are likely to cause confusion, mistake or deception as to the source, origin or sponsorship of Defendant's services or goods, and to falsely mislead the customers into believing that Defendant's services and goods originate from, are affiliated or connected with, or are licensed, sponsored, authorized, approved or sanctioned by Plaintiff.

21. Accordingly, Defendant's activities constitute false designation of origin, false description and representation, unfair competition and false advertising in commerce in violation of 15 U.S.C. § 1125(a).

22. Defendant's acts of false designation of origin, false description and representation, unfair competition and false advertising have caused Plaintiff to sustain monetary damage, loss, and injury, in an amount to be determined at trial.

23. Defendant has engaged in these activities knowingly and willfully, so as to justify the assessment of treble damages under 15 U.S.C. § 1117.

24. Defendant's acts of false designation of origin, false description and representation, unfair competition and false advertising, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which Plaintiff has no adequate remedy at law.

### AS AND FOR AND A THIRD CAUSE OF ACTION:
### TRADEMARK DILUTION IN VIOLATION OF THE FEDERAL TRADEMARK DILUTION ACT, 15 U.S.C. § 1125(C)

25. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 24, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

26. By virtue of plaintiff's prominent, long and continuous use of the Cheapoair mark in interstate commerce, it has become and continues to be distinct and famous within the meaning of 15 U.S.C. § 1125(c).

27. Defendant is liable for direct and/or contributory dilution of the Cheapoair mark. As alleged above, Defendant's use of the Cheapoair domain name

and metatag dilutes the distinctive quality of the Cheapoair mark and lessens the capacity of such marks to identify and distinguish Cheapoair's goods and services.

28. Plaintiff has no adequate remedy at law for the foregoing wrongful conduct. Plaintiff has been, and absent injunctive relief will continue to be, irreparably harmed by Defendant's actions.

### AS AND FOR AND A FOURTH CAUSE OF ACTION: VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT, 15 U.S.C. § 1125(D))

29. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 28, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

30. The Cheapoair mark is distinctive and has become widely known and respected, and plaintiff has developed an enormous amount of goodwill in it.

31. Defendant uses the Cheapoair domain name and metatags in bad faith intending to profit from the use of the Cheapoair mark.

32. The cheapoair.pissedconsumer.com and cheapoair.com.pissedconsumer.com URL addresses and domain names are confusingly similar to plaintiff's cheapoair.com URL address and its domain name.

33. Defendant made no prior use of the Cheapoair.com domain name in connection with a bona fide offering of any goods or services.

34. Defendant has made and continues to make use in commerce of the Cheapoair.com domain name in a manner that infringes plaintiffs mark and lessens the capacity of such mark to identify and distinguish Cheapoair's goods and services.

35. The acts of defendant alleged herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation or connection with, or association of Cheapoair or its websites with defendant's Cheapoair.com.pissedconsumer.com and Cheapoair.pissedconsumer.com websites, including the goods and services offered at defendant's websites.

36. Plaintiff has no adequate remedy at law for the foregoing wrongful conduct. Plaintiff has been, and absent injunctive relief will continue to be, irreparably harmed by Defendant's actions.

### AS AND FOR AND A FIFTH CAUSE OF ACTION: VIOLATION OF NEW YORK GENERAL BUSINESS LAW SECTION 133

37. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 36, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

38. Defendant's unlawful acts set forth above constitute the assumption, adoption or use, with the intent to deceive or mislead, which will mislead or deceive the public as to Defendant's identity in violation of NY GBL § 133.

39. Defendant's aforesaid violations of NY GBL § 133 have caused Plaintiff to sustain monetary damage, loss, and injury, in an amount to be determined at trial.

40. On information and belief, Defendants have engaged in this activity knowingly and willfully, justifying assessment of punitive damages in an amount to be determined at trial.

41. Defendants' aforesaid violations of NY GBL§ 133, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss, and injury, for which Plaintiff has no adequate remedy at law.

### AS AND FOR A SIXTH CAUSE OF ACTION
### COMMON LAW UNFAIR COMPETITION AND
### TRADEMARK INFRINGEMENT

42. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 41, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

43. Defendant's activities as stated herein constitute unfair competition and an infringement of Plaintiff's common law trademark rights in the name Cheapoair within the State of New York and in violation of New York law.

44. Upon information and belief, Defendant's wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause,

9

irreparable injury and other damage to Plaintiff's business, reputation and good will in its Cheapoair mark. Plaintiff has no adequate remedy at law.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### VIOLATION OF NEW YORK GEN. BUS. LAW § 360-I

45.    Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 44, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

46.    Defendants' activities are diluting and are likely to continue diluting Plaintiff's distinctive and renowned Cheapoair mark. Defendants' actions also injure the business reputation of Plaintiff, in violation of Plaintiff's rights under New York General Business Law § 360-l.

47.    Defendants' violation of New York General Business Law § 360-l has caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at trial.

48.    Defendants have engaged in this activity knowingly and willfully, so as to justify the assessment of increased and punitive damages against it, in an amount to be determined at trial.

49.    Defendants' violations of New York General Business Law § 360-l, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which Plaintiff has no adequate remedy at law.

### AS AND FOR A EIGHTH CAUSE OF ACTION
### DEFAMATION

50.   Defendants have published false and defamatory statements regarding Plaintiff's business that were calculated to prevent others from doing business with the Plaintiff. The statements were made with ill will or knowledge of falsity or reckless disregard for the truth.

51.   The Defendants' statements have impugned the basic integrity of Plaintiff and its business, and Plaintiff has suffered lost sales and revenue as a result of Defendants' actions.

52.   As a result of the foregoing, Plaintiff has incurred damages in an amount to be determined at trial, but believed to be in excess of $75,000.00. Plaintiff also demands that a permanent injunction issue restraining defendants from publishing defamatory statements about plaintiff.

*JURY DEMAND*

53.   Plaintiff requests a trial by jury as to all issues triable to a jury.

**WHEREFORE, Plaintiff prays:**

1.   That a preliminary and permanent injunction issue restraining defendant OPINION CORP. D/B/A PISSEDCONSUMER, its agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and

all others in active concert or participation with it, are temporarily restrained from using to identify defendant's website, homepage, domain name or in any other materials available on the Internet or elsewhere, the Cheapoair mark, any colorable imitation of the Cheapoair mark, and anything or mark confusingly similar thereto or likely to cause dilution of the distinctiveness of the Cheapoair mark or injury to the business reputation of Cheapoair, and, from representing by any means whatsoever that defendant, or any products or services offered by defendant, including services provided via defendant's website or the Internet, are associated in any way with plaintiff, its products or services, and, from using plaintiff's mark in defendant's metatags and URL addresses, and, from taking any other action likely to cause confusion or mistake on the part of Internet users or consumers.

2.   That Defendant be required to account to Plaintiff for Defendant's profits and the actual damages suffered by Plaintiff as a result of Defendant's acts or infringement, false designation of origin, unfair competition, and unfair and deceptive trade practices, together with interest, and that Plaintiff's recovery be trebled, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117).

3.   That Defendant be compelled to pay Plaintiff's attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117).

4.   That Defendant be compelled to pay Plaintiff actual, compensatory, statutory and punitive damages.

5.     That plaintiff be restrained from publishing defamatory statements about plaintiff.

6.     Such other and further relief as may be just and equitable.

Dated:    New York, New York
         July 30, 2008

                                        Respectfully submitted,

                                        _____/s/_____

Tedd Kessler (TK-2967)

**THE LAW OFFICE OF TEDD KESSLER, P.C.**

ATTORNEYS FOR PLAINTIFF

302 Fifth Avenue

8th Floor

New York, New York 10001

(212) 477-3200

To:

Anna Vishev

Ostrolenk Faber LP

1180 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10036

c:\tkdata\cheapo\complaint amended.docx